**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANA D. GUARDADO DE RODRIGUEZ,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 21-70609

Agency No. A209-385-362

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2026**
San Francisco, California

Before: FRIEDLAND, MILLER, and COLLINS, Circuit Judges.

Petitioner Ana D. Guardado de Rodriguez, a citizen of El Salvador, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") upholding

an order of an Immigration Judge ("IJ") denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("Torture

Convention"). We have jurisdiction under § 242(a) of the Immigration and

Nationality Act, 8 U.S.C. § 1252(a). We review the agency's legal conclusions de

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. To qualify for asylum, a petitioner must have a well-founded fear of future persecution "committed by the government or forces the government is either unable or unwilling to control." *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (simplified). Similarly, to establish eligibility for withholding of removal, a petitioner must show past persecution or a clear probability of future persecution by the government or by "persons or organizations which the government is unable or unwilling to control." *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (citation omitted).

Substantial evidence supports the agency's determination that Petitioner failed to show that her alleged past harm was, or that her feared future harm would be, inflicted by the Salvadoran government or by forces, persons, or organizations it is unable or unwilling to control. *See Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) (reviewing for substantial evidence the agency's determination whether a government is willing or able to control an alleged persecutor). Petitioner asserts past and feared future persecution at the hands of her husband, her son, and various gang members. Petitioner testified that her husband beat her throughout their

2

marriage when he was drunk, including one instance that resulted in her hospitalization. Petitioner also testified that her son beat her, and that she was afraid of her son-in-law, a gang member, who lived with her and routinely beat her daughter. Rival gang members also occasionally came to Petitioner's house looking for her son-in-law.

The IJ concluded that Petitioner had not shown that the Salvadoran government was unable or unwilling to control these alleged persecutors, and the BIA adopted the IJ's reasoning and conclusion on that score. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002) ("Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's."). The record does not compel a contrary conclusion. Petitioner never reported any of her past harm to the police. *See Hussain*, 985 F.3d at 648 (holding that a failure to report incidents of alleged persecution supports the conclusion that an unwilling-or-unable finding is not compelled); *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (same). Petitioner testified that she declined to report her husband's abuse because she "never had [the] courage to go talk to the police," and declined to report her son's abuse because she "felt sorry that he was going to be taken to jail." In fact, Petitioner's son was incarcerated after her daughter-in-law reported his abusive conduct to the police. Petitioner acknowledged that, if she had similarly contacted

3

the police about her husband's domestic violence, the police "could have protected [her]" by "tak[ing] [her husband] to jail." The record also reflects that the Salvadoran government has been making efforts to combat gang violence. "[T]he evidence here falls short of compelling the conclusion that [Salvadoran] authorities would have been unable or unwilling to help" Petitioner had she reported her abuse to them. *See Velasquez-Gaspar*, 976 F.3d at 1065. Because the agency's conclusion is supported by substantial evidence, Petitioner's asylum and withholding of removal claims were properly rejected.

2. On appeal, the BIA concluded that Petitioner "waived" any challenge to the IJ's determination that she had failed to establish eligibility under the Torture Convention. We discern no error in that conclusion. In Petitioner's brief to the BIA, the only reference to the Torture Convention claim was a conclusory assertion that failed to engage with the IJ's findings or reasoning concerning this claim for relief. The BIA properly concluded that Petitioner's wholesale failure to address the findings or reasoning underlying the IJ's decision forfeited any objection to that ruling. *See Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016) (holding that a "conclusory" assertion that "does not meaningfully challenge the IJ's decision on appeal" amounts to a failure to exhaust administrative remedies). Although *Rizo*'s statement that such a failure to exhaust amounts to a jurisdictional defect was overruled by *Santos-Zacaria v. Garland*, 598 U.S. 411, 419–23 (2023),

4

the exhaustion requirement remains a mandatory claim-processing rule that must be enforced where, as here, the Government timely invokes it.[1] *See id*.; *see also Fort Bend County v. Davis*, 587 U.S. 541, 549 (2019).

**PETITION DENIED.**

---

[1] To the extent Petitioner purports to raise a due process claim in this court, that claim is similarly unexhausted because Petitioner failed to identify and substantiate any due process violation in her brief to the BIA. Because the Government timely objects to Petitioner's failure to exhaust this argument, we may not consider it here. *See Santos-Zacaria*, 598 U.S. at 419–23.